IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN M. CORLISS, | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 4:CV-05-1817 |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| PENNSYLVANIA BOARD OF | : | |
| PROBATION AND PAROLE, *et al.*, | : | |
| | : | |
| Respondents. | : | |

**ORDER**

**October 11, 2006**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Petitioner Justin M. Corliss ("Petitioner" or "Corliss"), an inmate at the State Correctional Institution, Somerset, Pennsylvania, commenced the above-captioned action by filing a *pro se* Petition for Writ of Habeas Corpus (doc. 1) pursuant to 28 U.S.C. § 2254. Petitioner challenges a decision of the Pennsylvania Board of Probation and Parole ("Board") to deny him parole. Specifically, Petitioner claims that the Board's "refusal to recommend parole and to parole Petitioner in light of exculpatory DNA evidence violated Petitioner's constitutional rights under the Eight and Fourteenth Amendments," as well as being "arbitrary and capricious, resulting in

Petitioner's unlawful imprisonment." (Rec. Doc. 1 at ¶ 9). A response and traverse having been filed (doc. 12), the Petition is ripe for disposition. For the reasons that follow, the Petition will be denied.

**STATEMENT OF FACTS:**

On June 13, 1998, following a jury trial, Petitioner was convicted of aggravated indecent assault, statutory sexual assault, indecent assault, and corruption of minors. On August 20, 1998, he was sentenced to serve four (4) to ten (10) years on the aggravated indecent assault conviction and concurrent terms of incarceration on the charges of sexual assault and corruption of minors. (Rec. Doc. 12, Ex. A). His minimum sentence expired on July 13, 2002, and his maximum sentence expires on July 13, 2008. Id.

Corliss was first considered for parole on April 30, 2002. (Rec. Doc. 12, Ex. B). After an interview and a review of his file, the Board refused to grant parole, determining that the fair administration of justice could not be achieved through his release. Id. Rather, the Board ordered that he serve the unexpired maximum sentence, or be reviewed earlier if he was recommended by the Department of Corrections staff. Id. The Board further stated that if Corliss were to be reviewed again, the staff was to consider whether he successfully completed a treatment program for sex offenders,

whether he received a favorable recommendation for parole from the Department of Corrections, and whether he had a clear conduct record and completed the Department of Corrections Prescriptive Programs. Id. Corliss did not file an appeal of the Board's denial.

Petitioner was next considered for, and denied, parole on March 4, 2004. (Rec. Doc. 12, Ex. C). After an interview and a review of Corliss's file, the Board denied parole, stating:

> having considered all matters required pursuant to the Parole Act of 1941, as amended, 61 P.S. § 331.1 et seq., the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: your best interests do not justify or require you being paroled/reparoled; and, the interests of the Commonwealth will be injured if you were paroled/reparoled at this time.

Id. The Board further stated that the reasons for the Boards decision included Petitioner's need to participate in and complete additional institutional programs. Id.

Petitioner then appealed his parole denial to the Pennsylvania Commonwealth Court, which dismissed the appeal on April 8, 2004, stating that "the decision to grant or deny parole is wholly within the discretion of the Pennsylvania Board of Probation and Parole and not subject to judicial review, see Reider v. Pennsylvania Board of Probation and Parole, 514 A.2d 967 (Pa. Cmwlth. 1986)." (Rec. Doc. 12, Ex. E). On January 25, 2005, the Pennsylvania Supreme Court denied Corliss's Petition for

Allowance of Appeal.  (Doc. 12, Ex. F).

On September 8, 2005, Corliss filed the above-captioned action in which the sole issue he raises is that Respondents' refusal to recommend parole and to parole Petitioner in light of exculpatory DNA evidence violated Petitioner's constitutional rights under the Eighth and Fourteenth Amendments to the U.S. Constitution.  (Rec. Doc. 1).

**DISCUSSION:**

**A.     Exhaustion**

Respondents initially argue that Petitioner's claim has not been exhausted and, as a result, the Petition should be denied.  Bound by the prevailing jurisprudence, the Court finds no merit to this argument.

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  A petitioner is not deemed to have exhausted the remedies available to him if he has a right, under state law, to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c); Castille v. Peoples, 489 U.S. 346, 350, reh'g denied,

490 U.S. 1076, (1989).[1]  A habeas petitioner retains the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, which demands, in turn, that the claims brought in federal court be the "substantial equivalent" of those presented to the state courts.  Santana v. Fenton, 685 F.2d 71, 73-74 (3d Cir. 1982), cert. denied, 459 U.S. 1115, 103 S.Ct. 750 (1983).

In the case of an unexhausted petition, the federal courts should dismiss without prejudice; otherwise, they risk depriving state courts of the "opportunity to correct their own errors, if any."  Toulson v. Beyer, 987 F.2d 984, 989 (3d Cir. 1993).  However, the Third Circuit has clearly noted that if it is futile to return an unexhausted claim to the state courts, it should be deemed exhausted for federal habeas purposes.  Doctor v. Walters, 96 F.3d 675, 681 (3d Cir. 1996); see also 28 U.S.C. § 2234.  For such a return to be futile, state law must unambiguously foreclose state court review of unexhausted claims.  Id. (citations omitted).  Otherwise, the federal courts risk depriving state courts of an "opportunity to correct their own errors, if any."  Toulson, 987 F.2d at 989.

With respect to parole decisions, the Pennsylvania Supreme Court has held that

---

[1] Exhaustion is not a jurisdictional requirement, but rather a rule of comity.  Evans v. Court of Common Pleas, 959 F.2d 1227, 1231 (3d Cir. 1992).

a mere denial of parole, under Pennsylvania law, affects no constitutionally protected liberty interest and, thus, is not an adjudication by an agency subject to state judicial review. Rogers v. Pennsylvania Bd. of Prob. and Parole, 724 A.2d 319, 322-23 (Pa. 1999). On the other hand, it has noted that although "appellants are not entitled to appellate review of a Parole Board decision, they may be entitled to pursue allegations of constitutional violations against the Parole Board through a writ of mandamus." Id. at 323 n.5. "Mandamus is an extraordinary remedy which is available to compel the Parole Board to conduct a hearing or to apply the correct law." Id.

In a subsequent decision, the state Supreme Court expressly held that the issue of whether a statute relied upon by the Board in making its decision violated the Ex Post Facto Clause may be raised in state court by way of a petition for writ of mandamus. Coady v. Vaughn, 770 A.2d 287, 290 (Pa. 2001). However, the Third Circuit has more recently held that a writ of mandamus is not available for Pennsylvania state prisoners challenging denial of parole on constitutional grounds other than violation of the Ex Post Facto Clause. DeFoy v. McCullough, 393 F.3d 439, 445 (3d Cir. 2005), cert denied, Patrick v. De Foy, 125 S.Ct. 2970 (2005). The Third Circuit specifically held that a petitioner need not present a claim of other constitutional violations in a parole denial to the Pennsylvania state courts prior to

6

filing a federal habeas petition.  Id.

Although Petitioner is alleging constitutional grounds stemming from the denial of his parole, he is not alleging a violation of the Ex Post Facto Clause. Therefore, Petitioner's claim in the instant Petition would not be the proper subject of a writ of mandamus, making a return to the state courts futile.  We, therefore, will consider his claim to be exhausted for purposes of this petition and will proceed to the merits.

**B.     Merits**

The Constitution alone does not give a convict a liberty interest in parole protected by the Fourteenth Amendment.[2] Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1 (1979); Thorpe v. Grillo, 80 Fed. Appx. 215, 219 (3d Cir. 2003).  Although the states may create a liberty interest under the Fourteenth Amendment, the Pennsylvania parole statute does not create a liberty interest in the right to be paroled. Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996); Rodgers v. Parole Agent SCI-Frackville, Wech, 916 F. Supp 474, 476-77 (E.D. Pa. 1996); McCrery v. Mark, 823 F. Supp. 288, 294 (E.D. Pa. 1993).  The Board has complete discretion to grant or deny

---

[2] The Fourteenth Amendment does not require due process unless the state interferes with a protected liberty or property interest. Ohio Adult Parole Auth. v. Woodward, 523 U.S. 272, 279-86 (1998); Kentucky Dept. of Corr. v. Thompson, 490 U.S. 454, 459, 460 (1989); Hewitt v. Helms, 459 U.S. 460, 466-71 (1983).

parole, without constraint from any particularized substantive predicates.  Wagner v. Pa. Bd. of Prob. & Parole, No. 04-774, 2004 U.S. Dist. LEXIS 11815 (E.D. Pa. June 23, 2004); 61 Pa.C.S. § 331.21.

The Third Circuit has held that substantive due process requires that the state not deny parole on unconstitutionally impermissible grounds, such as race, religion, ethnicity, or retaliation for exercising constitutional rights.  See Bobko v. Lavan, 157 Fed. Appx. 516, 518 (3d Cir. 2005); Morrissey v. Brewer, 408 U.S. 471 (1972); Burkett v. Love, 89 F.3d 135, 140 (3d Cir. 1996) (stating that no liberty interest is created by the expectation of parole).  Further, state action is valid if it is rationally related to a legitimate state interest.  Bell v. Wolfish, 441 U.S. 520, 539-40 (1979); Rogin v. Bensalem Twp., 616 F.2d 680, 689 (3d Cir. 1980), cert. denied, 450 U.S. 1029 (1981).  This relationship exists as long as it "might be thought" that the state's action was a rational way to solve a problem.  Williamson v. Lee Optical of Oklahoma, 348 U.S. 483, 488 (1955); Sammon v. N.J. Bd. of Med. Exam'rs, 66 F.3d 639, 645 (3d Cir. 1995).

Pennsylvania law grants the Parole Board vast discretion to refuse or deny

8

parole.  See 61 Pa.C.S. § 331.21. The statute provides:

> The Board is hereby authorized to release on parole any convict confined in any penal institution of this Commonwealth as to whom power to parole is herein granted to said board . . . whenever in its opinion the best interests of the convict justify or require his being paroled and it does not appear that the interests of the Commonwealth will be injured thereby . . . . Said board shall have the power during the period for which a person shall have been sentenced to recommit one paroled for violation of the terms and conditions of his parole and from time to time reparole and recommit in the same manner and with the same procedure as in the case of an original parole or recommitment . . .

Id.

The law also authorizes the Board, in its discretion, to consider various factors, similar to those considered in Petitioner's case, in granting or denying parole. See 61 Pa.C.S. § 331.19.[3] Pennsylvania courts have affirmed the Board's complete discretion to parole a convict. See e.g., Rogers, 724 A.2d at 319; Weaver v. Bd. of Prob. & Parole, 514 A.2d 967, 971 (Pa. Commw. Ct. 1986); Reider, 514 A.2d 967. The convict has no right to reparole. Counts v. Bd. of Prob. & Parole, 487 A.2d 450 (Pa.

---

[3] Section 331.19 provides in relevant part:
It shall be the duty of the board . . . to consider the nature and circumstances of the offense committed, any recommendations made by the trial judge and prosecuting attorney, the general character and background of the prisoner . . . . The board shall further cause the conduct of the person while in prison and his physical, mental and behavior condition and history, . . . his complete criminal record, as far as the same may be known, to be reported and investigated.
61 Pa.C.S. § 331.19.

9

Commw. Ct. 1985).  "Federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision."  Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001).

In this case, the Parole Board's parole denial, based on Petitioner's need to participate in and complete additional institution programs, receive a favorable recommendation for parole from the Department of Corrections, and present a clear conduct record, complies with Pennsylvania's statutory requirements and was proper. Reliance upon these legitimate factors in no way implicates abuse of discretion or action violative of Petitioner's constitutional rights.  The Board's exercise of discretion was neither arbitrary or capricious, and did not violate substantive due process.

To the extent that Petitioner argues that the Board failed to recognize his innocence based on alleged exculpatory evidence, he presents no valid factual basis or information to support his conclusion that DNA evidence exculpates him of his convicted crime.  Moreover, the evidence that Petitioner alleges the Board refused to review in consideration of his parole has been determined by the Pennsylvania Superior Court to have been properly rejected by the trial court as inconclusive. See Commonwealth v. Corliss, No. 3482 Philadelphia, 1998 (Pa. Super. Ct. Nov. 30,

1999).  Thus, Petitioner's contentions lack merit and should be denied.

As to any equal protection claim Petitioner may be attempting to assert, the United States Court of Appeals for the Third Circuit has held:

> no two prisoners, being different human beings, will possess identical backgrounds and characters.  Indeed, it is difficult to believe that any two prisoners could ever be considered 'similarly situated' for the purpose of judicial review on equal protection grounds of broadly discretionary decisions because such decisions may legitimately be informed by a broad variety of an individual's characteristics.

Taliferro v. New Jersey Parole Bd., 460 F.2d 289, 290 (3d Cir. 1972) (per curiam); Bennett v. California, 406 F.2d 36, 38-39 (9th Cir. 1969); Marciano v. Coughlin, 510 F. Supp. 1034, 1039 (E.D.N.Y. 1981).  The determination as to whether to grant parole is made on an individual basis.  Id.  Thus, this Court finds no merit to Petitioner's equal protection argument.

Finally, to the extent that Petitioner argues that the Board's denial of his parole violates that Eighth Amendment, inmates have no right to be released before the expiration of a valid prison sentence, and serving some or all of a valid prison sentence in prison does not constitute cruel and unusual punishment.  Greenholtz, 442 U.S. at 7; Williams v. DiGuglielmo, No. 05-3440, 2006 WL 1531641 (E.D. Pa. 2006).

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. The Petition (doc. 1) is **DENIED**.

2. Petitioner's Motion for Speedy Disposition due to Exigent Circumstances (doc. 15) is **DISMISSED** as moot.

3. The Clerk of Court is directed to **CLOSE** this case.

4. There is no basis for the issuance of a Certificate of Appealability.

s/ John E. Jones III
John E. Jones III
United States District Judge
